IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK KERNEY WEAVER,

      Plaintiff,

v.                                     No. CIV-07-0344 MV/RHS

UNITED STATES MARSHALL [sic] SERVICE,
MANAGEMENT TRAINING CORPORATION
(OTERO COUNTY PRISON FACILITY),

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $350.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but

liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names two entities as Defendants. Plaintiff alleges that he suffered serious injuries when officers at the Otero County, New Mexico, Prison Facility used excessive force to extract him from his cell. Specifically, Lt. Barraza, acting on orders from Captain Burnham, sprayed mace in Plaintiff's face. Lt. Barraza then ordered several subordinates to "take [him] down," at which time Plaintiff was "slammed . . . to the ground and shackled." He alleges that his medical records confirm that he was injured during the incident. He claims that Defendants' actions violated certain of his rights protected under 42 U.S.C. §§ 1983, 10802. The complaint seeks damages.

Plaintiff's complaint does not support claims against the named Defendants United States Marshall [sic] Service or Management Training Corporation. Plaintiff makes no allegations against these Defendants affirmatively linking them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). "[C]orporate defendants cannot be held vicariously liable for the acts of their servants under section 1983." *Dickerson v. Leavitt Rentals*, 995 F. Supp. 1242, 1247 (D. Kan.), *aff'd*, 153 F.3d 726 (10th Cir. 1998); *see also DeVargas v. Mason & Hanger-Silas Mason Co., Inc.*, 844 F.2d 714, 722 (10th Cir. 1988); *Baker v. Simmons*, 65 F. App'x 231, 234 (10th Cir. 2003). Plaintiff's claims against the named Defendants will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall make monthly payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why he has

no assets and no means by which to pay the designated filing fee. The Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FURTHER ORDERED that Plaintiff's claims against the named Defendants are DISMISSED, and the named Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that, within twenty (20) days from entry of this order, Plaintiff may file an amended complaint identifying the individual Defendants that he claims are liable for his injuries; and the Clerk is directed to send Plaintiff a form § 1983 complaint.

_____
UNITED STATES DISTRICT JUDGE